ALFRED BRENNER and SAMUEL KRESCH, partners, as BRENNER & KRESCH, complainants-appellants.

*v.*

JAMES D. CALABRESE and ROSINA CALABRESE, and the BOARD OF EDUCATION OF THE CITY OF BAYONNE, defendants-appellees.

[Submitted October 23d, 1929. Decided May 19th, 1930.]

*Mr. George T. Vickers,* for the complainants-appellants.

*Mr. James Benny* and *Messrs. Benny & Cruden,* for the defendants-appellants.

The opinion of the court was delivered by

McGLENNON, J.

This appeal is based upon an order striking out the bill of complaint, because it disclosed no cause of action, or grounds for equitable relief, and because there was an adequate remedy at law. Separate orders to this effect were made on August 21st, 1929, upon separate applications by the Calabreses and the board of education, each specifying among other reasons the grounds upon which the orders were based. Originally, James J. Lowery and Anna Lowery were also defendants, but they appear to have made a satisfactory settlement with complainants, and are therefore not included in the present appeal.

The complaint, in substance, shows that the individual defendants were owners of certain lands in the city of Bayonne, and the board of education of that city was desirous of procuring this property (together with the property of the Lowerys), for the purpose of erecting thereon a school building or buildings. The complainants, as members of the bar of this state, were retained by the owners to represent them in the proceedings. This retainer provided that complainants were to receive as compensation for their services any amount paid in excess of $10,000 for the Lowery property, and any amount in excess of $15,000 with respect to the Calabrese property, up to the amount of $17,000. If, however, the property was sold for a sum exceeding this latter amount, the complainants were to receive one-half of any amount over and above the said $17,000.

The complaint further shows that an unacceptable offer to purchase was made, and that thereafter condemnation proceedings were instituted under the School act, in the Hudson county circuit court, which resulted in an award by commissioners to the Calabreses of $19,500, and that on December 6th, 1928, the board of education adopted a resolution determining that the award of the commissioners was a fair value for the properties, and that the same should be purchased at the prices so fixed, and that the board of estimate should be informed and requested to approve the purchase, and procure an appropriation to be made by the city for such purchase. It also shows that this resolution was reconsidered, and on January 3d, 1929, the board of education adopted another resolution, reciting that the prior condemnation had been improperly instituted and should have been instituted under the General Condemnation act, instead of the School act, and directing the attorney for the board to institute proceedings to set aside the prior action. That *certiorari* proceedings for that purpose were brought and dismissed as premature, with leave to renew the same, in the event that the board of education should thereafter institute further proceedings in condemnation. That application was thereafter made to the

circuit court to rescind its previous order for condemnation under the School act. This application was granted, and no further proceedings were taken by the board.

The bill then states that the board and the owners, without knowledge of complainants, commenced negotiations which resulted in an agreement for the sale of the Calabrese property for the sum of $14,000, an amount in excess of the original offer thereof, and that such amount was realized solely through the efforts of the complainants. It is further charged that the board and owners willfully and fraudulently intended to deprive complainants of their right to be compensated for services performed, by this course of private negotiations and agreement. No other facts tending to show fraud are set forth, and we deem such charges purely speculative and lacking in factual allegations to support them. Complainants further charge they hold a lien for such services upon the lands described and the proceeds of the sale thereof, enforceable only by the order or decree of this court.

Assuming, without deciding, that a lien for services may be decreed under proper circumstances, we do not find anything here shown to support a claim thereof. The contract of employment of petitioners definitely provided that they should receive compensation, only in case more than a specified sum was obtained for the owners through their efforts and such sum was not thus obtained. If this was due to fraud upon complainants, there are no facts set forth to show such fraud. Upon their own showing, therefore, they had not earned their compensation contracted for, nor obtained a price entitling them to share therein. Nothing can be predicated upon the original resolution of the board of education, based upon abortive and illegal condemnation proceedings, which later required rescission of that resolution. Furthermore, that resolution itself required approval of purchase by the board of school estimate, and an appropriation by the city for such purpose, before it could become effective. No such approval was had, and no appropriation was made.

A review of the facts indicates nothing more than a settlement arrived at by the parties, induced by the confused situa-

tion, to avoid further delay and expense. Complainants' agreement failed to make provision for compensation, in case the owners accepted a lower sum than that mentioned in the contract or retainer, but their acceptance of the lower price, under the circumstances, does not spell fraud, although the outcome proved unfortunate to the complainants.

For the foregoing reasons, the orders appealed from should be affirmed, with costs.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, BLACK, CAMPBELL, LLOYD, CASE, BODINE, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, DEAR, JJ. 13.

*For reversal*—None.